UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT A. SAVERAID TRUST
FOR SCOTT A. SAVERAID
REVOCABLE TRUST,

    Plaintiff/Counter-Defendant,

v.                                          Case No.:   2:25-cv-394-SPC-DNF

QBE SPECIALTY INSURANCE
COMPANY,

    Defendant/Counter-Plaintiff.

## **OPINION AND ORDER**

Before the Court is Plaintiff/Counter-Defendant Scott A. Saveraid Trust for Scott A. Saveraid Revocable Trust's ("Trust") amended motion to dismiss Defendant/Counter-Plaintiff QBE Specialty Insurance Company's ("QBE") Counterclaim. (Doc. 39). QBE responded. (Doc. 43). For the below reasons, the motion is granted in part and denied in part.

### **Background**

This dispute concerns insurance coverage for property damage caused by Hurricane Ian. The Trust owns property located at 5664 Estero Boulevard Fort Myers Beach, FL 33931 ("Property"). The Trust purchased an insurance policy ("Policy") from QBE for the Property. After the Property sustained damage from Hurricane Ian, the Trust submitted a claim to QBE under the

Policy for insurance benefits. QBE assessed the Trust's claim and paid $307,622.32 in dwelling coverage as well as $20,600 in loss of use payments. The Trust sues QBE for breach of contract, alleging QBE must pay additional benefits. (Doc. 7).

QBE brings a counterclaim against the Trust. (Doc. 28). QBE alleges the damages sustained by the Property are water-related which are excluded by the Policy. (*Id.* ¶ 8). QBE contends despite this, it "mistakenly opened coverage" for the Trust's claim, which resulted in the payments for dwelling coverage and loss of use. (*Id.* ¶ 14).

QBE's counterclaim seeks two forms of relief. First, QBE asks for a declaratory judgment under 28 U.S.C. § 2201 that Florida's Value Policy Law ("VPL"), Fla. Stat. § 627.702,[1] does not apply to the Policy (Counterclaim Count I). Second, QBE brings a counterclaim for unjust enrichment seeking recovery of the overpayments made to the Trust (Counterclaim Count II). The Trust moves to dismiss QBE's counterclaim arguing the claims are either duplicative or incognizable.[2]

---

[1] The purpose of the VPL "is to fix the measure of damages payable to the insured in case of total loss," and the statute's plain language "requires an insurer to pay that amount listed on the face of the policy in the event of a total loss without the necessity of any additional proof of the actual value of the loss incurred." *Evanston Ins. Co. v. Etcetera, Etc Inc.*, No. 218CV103FTM99MRM, 2018 WL 3526672, at *1 n. 1 (M.D. Fla. July 23, 2018) (quotations omitted).

[2] The Trust filed a notice of supplemental authority simultaneously with its amended motion to dismiss. (Doc. 40). The notice does not comply with M.D. Fla. R. 3.01(j) so the Court strikes it from the docket.

**Legal Standard**

A motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) "is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005) (citation omitted). Rule 12(b)(6) provides for dismissal when a plaintiff fails "to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6), the reviewing court must accept all factual allegations in the counterclaim as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678.

**Analysis**

The Court first addresses QBE's counterclaim for declaratory judgment. A declaratory judgment claim requires "the existence of an 'actual controversy' between the parties . . . which holds the same meaning as the cases and

controversies requirement of Article III to the United States Constitution." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015) (citation omitted). A court therefore must consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

The Trust argues that QBE's declaratory judgment claim should be dismissed because it "adds nothing to the litigation" and is duplicative of the issues raised by the Trust's breach of contract claim.[3] (Doc. 39 at 2). The Trust's argument fails for two reasons. First, "motions to dismiss . . . under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid." *Wichael v. Wal-Mart Stores E., L.P.*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014) (citation omitted). So even if the declaratory judgment counterclaim is duplicative of the breach of contract claim, that does not mandate dismissal. Second, and more importantly, the Court does not find

---

[3] The Trust relies on cases interpreting the Florida declaratory judgment act in support of its motion. But QBE brings a counterclaim under the federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. (Doc. 28 at 11, ¶ 27). Thus, federal case law interpreting the federal Declaratory Judgment Act governs, and Florida law regarding the Florida Declaratory Judgment Act does not apply. *See Hartford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289, 1291 (11th Cir. 2006). So virtually every authority the Trust cites to support dismissing the declaratory relief claim is inapposite.

4

the claims duplicative. *Ceballos v. Ironshore Speciality Ins. Co.*, No. 1:21-CV-22543-KMM, 2022 WL 17037693 (S.D. Fla. Jan. 11, 2022) is instructive on this issue. In *Ceballos*, the court found a party's declaratory relief claim related to VPL was not duplicative of that party's breach of contract claim.[4] *See id.* at *3. The court reasoned that the claims presented "distinct legal issues that are not duplicative of one another." *Id.* That is, the declaratory relief claim sought a determination of whether "Florida's VPL requires the full payment of the policy limit," while the breach of contract claim alleged entitlement to the limit "pursuant to the terms of the Policy itself." *Id.* That distinction applies here as well. So the Court finds QBE's declaratory judgment claim is not duplicative of the Trust's breach of contract claim.

The Court also rejects the Trust's argument that QBE's declaratory relief claim is duplicative of QBE's Fourth Affirmative Defense. Courts allow a litigant to maintain a declaratory relief claim even when it overlaps with that litigant's affirmative defense. *See, e.g.*, *Clark v. Rockhill Ins. Co.*, No. 618CV780ORL37KRS, 2018 WL 4926487, at *6 (M.D. Fla. Sept. 21, 2018). There are good reasons for this. First, courts recognize that affirmative

---

[4] It is worth note that courts within the Middle District "consistently" refuse to dismiss declaratory judgment claims as duplicative of contractual breach claims even where they are brought by the *same* party. *See 500 La Peninsula Condo. Ass'n, Inc. v. Landmark Am. Ins. Co.*, No. 220CV767FTM38NPM, 2020 WL 6273699, at *1 (M.D. Fla. Oct. 26, 2020) (citing *Hanus v. AIG Prop. Cas. Co.*, No. 2:20-cv-814-FtM-38NPM, 2020 WL 6154813, at *1 (M.D. Fla. Oct. 20, 2020)). So the Trust's argument is on weak ground given that this request is brought by an opposing party, where the issue of duplicativeness is less likely.

defenses "only relieve" a party from liability while declaratory relief "asks for an affirmative declaration" that a party's interpretation of a statute or policy is correct. *New Mkt. Realty 1L LLC v. Great Lakes Ins. SE*, 341 F.R.D. 322, 327 (M.D. Fla. 2022). So the Trust's argument that resolution of its breach of contract claim will provide "full relief" on the VPL's applicability fails. Second, it is often difficult to judge at the pleading stage of a case whether success on an affirmative defense will truly "moot . . . [a] request for declaratory relief." *Clark*, 2018 WL 4926487, at *7. Third, even if a declaratory judgment claim "turns out to be completely duplicative of its affirmative defenses," litigating the claim will not consume significant resources. *Id.* (quotation omitted). Finally, as discussed above, the Court has discretion not to dismiss a declaratory relief claim even where it is duplicative. *See New Mkt. Realty 1L LLC*, 341 F.R.D. at 327 (quoting *Wichael*, 2014 WL 5502442, at *2). For these reasons, whatever overlap exists between QBE's claim for declaratory relief and its Fourth Affirmative Defense, the Court declines to dismiss the claim.

The Court rejects the Trust's final argument that declaratory relief is inappropriate because it seeks to resolve a "factual allocation dispute . . . not a legitimate declaratory action." (Doc. 39 at 5). A controversy exists as to the applicability of the VPL to the Policy; that is a legal determination, not a factual dispute. Moreover, the Trust cites no relevant caselaw to develop this

6

argument. Therefore, the Court rejects it and will allow the declaratory judgment counterclaim to go forward.

Now, the Court turns to QBE's unjust enrichment claim. QBE seeks recovery of overpayments to which the Trust is not entitled. (Doc. 28 at 13). The Trust contends that because an express insurance contract exists between the parties, QBE cannot bring a quasi-contract equitable claim to recoup monies paid under the contract's terms. The Court agrees with the Trust.

The elements of unjust enrichment under Florida law are that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred[;] and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value." *Glob. Network Mgmt., LTD. v. Centurylink Latin Am. Sols.*, LLC, 67 F.4th 1312, 1316–17 (11th Cir. 2023) (quotation omitted). A plaintiff may not pursue an unjust enrichment claim if there is an express contract that "concerns[s] the same subject matter." *Alhassid v. Nationstar Mortg. LLC*, 771 F. App'x 965, 969 (11th Cir. 2019) (citing *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. Dist. Ct. App. 2008)).

QBE argues that it does not seek money owed to it *under* the policy; it seeks to recover payments that the Trust had no legal right to in the first place. Therefore, the payments do not relate to the same subject matter as the

contract. There is authority to support this argument. *See Transamerica Life Ins. Co. v. Lawrence E. White & P'ship Mgmt. Servs. Grp., LLC*, No. 6:23-CV-452-ACC-DCI, 2024 WL 4905399, at *24 (M.D. Fla. Oct. 8, 2024) (granting summary judgment for unjust enrichment claim based on overpayments insurance company made to trust); *Pinewood Condo. Apartments, Inc. v. Scottsdale Ins. Co.*, No. 21-CV-61596, 2022 WL 3108999 (S.D. Fla. July 15, 2022), *report and recommendation adopted*, No. 21-CV-61596-RAR, 2022 WL 3098933 (S.D. Fla. Aug. 2, 2022) (recommending summary judgment be granted for unjust enrichment claim because "the subject matter of Scottsdale's unjust enrichment claim—an alleged overpayment by Scottsdale—is not a subject matter covered by the Policy.").

However, a recent Eleventh Circuit decision, *MONY Life Ins. Co. v. Perez*, 146 F.4th 1018 (11th Cir. 2025), compels the Court to dismiss QBE's claim. In *MONY*, the Eleventh Circuit held that an insurer's unjust enrichment claim for alleged insurance overpayments failed as a matter of law. *See id.* at 1027. The insurer argued its unjust enrichment claim was viable because the insured accepted payments he was not entitled to under the insurance contract. The Eleventh Circuit disagreed and held that the insurer's claim "falls squarely within the ambit of the express contract and cannot lie under Florida law." *Id.* *MONY* held this even though the insurance policy "contained no feature" to let the insurer recover payments made if it "changed

8

its mind" that the payments were legally required. *Id.* (cleaned up). So *MONY* determined that even where the insurance policy did not address overpayments, an equitable action for unjust enrichment still fails.

*MONY* forecloses QBE's unjust enrichment claim. Like the insurer in *MONY*, QBE "seeks to recover funds that Plaintiff was never entitled to under the Policy." (Doc. 43 at 9 (citing Doc. 28 ¶¶ 34, 39)). QBE's disbursed payments to the Trust in response to the Trust "submitt[ing] claims *under the terms of the insurance contract.*" *MONY*, 146 F.4th at 1027 (emphasis in original). QBE does not dispute that the payments were based on what it assumed to be its contractual obligations. Therefore, under *MONY*, QBE's alleged overpayments relate to the same "subject matter" as the Policy and cannot underpin an unjust enrichment action.[5] *Id.* That QBE claims mistake as the reason for the payments is of no consequence.

QBE's attempt to distinguish *MONY* is unavailing. It argues *MONY* is distinguishable because the insurer sought to recoup payments it claimed were the result of the insured's misrepresentations. (Doc. 43 at 9). But nothing in the Eleventh Circuit's decision confines its reasoning to actions sounding in

---

[5] The Court notes another factor the *MONY* court relied on in its analysis is present as well. QBE issued the Policy and could have included a clawback provision to account for a dispute regarding overpayments. That the contract did not speak to that issue does not create a cause of action for unjust enrichment now.

9

tort or where misrepresentation is alleged.  Therefore *MONY* applies.  The Court dismisses QBE's unjust enrichment claim.

Accordingly, it is now

**ORDERED:**

1. Plaintiff/Counter-Defendant's Motion to Dismiss (Doc. 39) is **GRANTED in part and DENIED in part**.

2. Defendant/Counter-Plaintiff's Counterclaim for Unjust Enrichment (Counterclaim Count II) is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED to STRIKE** Plaintiff/Counter-Defendant's Notice of Supplemental Authority (Doc. 40) from the docket.

**DONE** and **ORDERED** in Fort Myers, Florida on November 7, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record